UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE MCKEITHEN,

    Plaintiff,

v.    CASE No. 8:17-CV-0490-T-33MAP

UNITED STATES
DEPARTMENT OF JUSTICE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff has filed a complaint (doc. 1) against the United States Department of Justice, alleging 78 unlawful acts. At this juncture, Plaintiff asks the court for permission to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915 (doc. 2). Upon consideration, I recommend that Plaintiff's application be denied and the case dismissed.

Defendant is not so indigent that he is unable to pay filing fees. The in forma pauperis statute is designed to ensure "that indigent persons have access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997). The right to file in forma pauperis in civil matters is not absolute, it is a "privilege extended to those unable to pay filing fees...." *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969).[1] According to Plaintiff, his gross pay from his tree trimming company over the past 12 months was approximately $31,720 (although he inexplicably lists a net pay of $13,831). He has one dependent – a son – but does not answer the question on the in forma pauperis application that asks how much he contributes to his son's support. Apparently his only assets are a 2002 Ford F150

---

[1] The Eleventh Circuit in an *en banc* decision, *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

pickup truck and a guitar. He has no housing expenses. By Plaintiff's estimation, he owes $16,000 in student loans, although "the courts have taken away ability to pay for ten years." (doc. 2 at 2). He does not list any other debts. Based on Plaintiff's yearly income and his apparent lack of significant monthly expenses, it does not appear that Defendant's access to the courts is blocked by his financial status. *See Sears, Roebuck, and Co. v. Charles W. Sears Real Estate, Inc.*, 686 F.Supp. 385 (N.D. N.Y. 1988) (defendant not entitled to proceed in forma pauperis where he and his wife had combined annual income of between $34,000 and $37,000); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-cv-14424, 2012 WL 5457466, at * 2 (E.D. Mich. Oct. 16, 2012) (recommending that plaintiff's in forma pauperis request be denied where spouse had monthly income of $2,500, the couple owned a home, and had no dependents); *Whatley v. Astrue*, No. 5:11-cv-1009 (NAM/ATB), 2011 WL 5222908, at * 2 (N.D. N.Y. Oct. 14, 2011) (denying in forma pauperis motion because plaintiff had joint monthly income of between $2,410 and $2,910, despite that plaintiff had two dependent children). For this reason alone, the motion should be denied.

Second, even if Plaintiff proves indigency (which he cannot), Plaintiff's case should be dismissed under 28 U.S.C. § 1915(e) because it is frivolous and fails to state a claim. Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay to litigate their claims, have no economic disincentive to filing frivolous or malicious suits once the in forma pauperis status is granted. A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous if it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S.

319, 325 (1989). While this Court is mindful that a *pro se* Plaintiff's pleading must be construed liberally by the Court, I recommend that the district judge find that the complaint fails to state a claim against Defendant.

For Plaintiff to state a claim for relief, "a complaint ... does not need detailed factual allegations, ... [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555. A plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).[2]

Further, federal courts are courts of limited jurisdiction and, therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.*, "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C.

---

[2] *See Brown v. Johnson*, 387 F.3d 1344, 1348 (11th Cir. 2004); *see also* L.R. 4.07, M.D. Fla. ("The Court may dismiss the case if satisfied that the action is frivolous or malicious, as provided by 28 U.S.C. § 1915(e); or may enter such orders as shall seem appropriate to the pendency of the cause . . . .").

§§ 1331, 1332.

Plaintiff submitted his complaint on a court-provided form titled "Complaint in a Civil Case," yet he omits most of the information the form requests. All I can glean from the complaint is: Plaintiff wants to sue the Department of Justice because "[f]or a thirteen year period now the department of justice has committed 78 unlawful acts against me and refuses to protect my rights. I'm requesting 17 million dollars for each violation." (doc. 1 at 4). Then Plaintiff signs the complaint. He does not offer any details about how the DOJ has wronged him, when these allegedly unlawful acts occurred, and why he believes these acts harmed him at the rate of 17 million dollars apiece. In other words, he does not provide a plausible (or, indeed, any) basis for his claim or for this court's jurisdiction. What is more, Plaintiff's claim is deficient under Rule 8(a)(2), Fed. R. Civ. P., which requires that a plaintiff file "a short and plain statement of the claim showing that the pleader is entitled to relief." Because no amendment can cure his pleading and Plaintiff is not indigent for purposes of the in forma pauperis statute, I recommend that Plaintiff's complaint be dismissed and his motion denied.

Thus, it is RECOMMENDED:

(1)  Plaintiff's complaint (doc. 1) be dismissed; and

(2)  Plaintiff's in forma pauperis motion (doc. 2) be DENIED.

IT IS SO RECOMMENDED at Tampa, Florida on March 6, 2017.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.